Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
Michael A. DiRenzo, Esq.
Nevada State Bar No. 13104
mdirenzo@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297

Attorneys for Plaintiff, Avrham Indik

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AVRHAM INDIK,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ELDORADO RESORTS CORP. d/b/a ELDORADO DEVELOPMENT CORP.; and DOES 1-50,<br><br>　　　　　　Defendants. | Case No.:   2:21-cv-00926-GMN-EJY<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Avrham Indik and files this civil action against Defendants, and each of them, for violations under The Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.; as well as violations of Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

## JURISDICTION AND VENUE

1.　This Court has jurisdiction and venue over this action pursuant to The Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3), which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under 42 U.S.C. §§ 1981 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted his administrative remedies.

5. All conditions precedent to jurisdiction under section 42 U.S.C. §12101 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated March 11, 2021. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. The initial complaint was filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, Avrham Indik (hereinafter "Plaintiff" or "Indik"), was a qualified/eligible "employee" of Defendant, Eldorado Resorts Corp. d/b/a Eldorado Development Corp., within the meaning of The Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., Nevada Revised Statutes §§ 608.010 and 613.010 *et seq.*; and related claims under Nevada law.

//

9. Defendant, Eldorado Resorts Corp. d/b/a Eldorado Development Corp. (hereinafter "Defendant" or "Eldorado"), a foreign limited-liability company based in the state of Florida, is a corporation qualified to do business in Nevada. Defendant employs 15 or more employees and is an "employer" within the meaning of 29 U.S.C. 621 et seq., and Nevada Revised Statutes §§608.010 and 613.010 *et seq.*; and related claims under Nevada law.

10. Plaintiff alleges that this is the proper court because the violations of Nevada law took place at or near the location Defendant owns and operates known as Vacation Village Resorts located at The Grandview at Las Vegas, 9940 Las Vegas Boulevard South, Las Vegas, NV 89183.

11. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

## STATEMENT OF FACTS

13. Plaintiff is a 71-year-old who is highly regarded in the time share industry.

14. Plaintiff was employed by Defendant as a Director of Sales for the Vacation Village Resorts product at their Las Vegas location.

15. In 2015, members of Defendant's corporate team reached out to Plaintiff regarding an opportunity in Las Vegas. Plaintiff had a prior professional relationship with a number of the members of Defendant's company.

16. Plaintiff accepted the offer and began working in Las Vegas in November of 2015.

//

17. Plaintiff operated said business as Director of Sales without issue and was never documented for poor performance or actions.

18. Plaintiff was forced to have heart surgery in January of 2016, necessitating some time off. After a short time off he returned to work.

19. Plaintiff continued to operate said business as Director of Sales without issue until December of 2019.

20. On or about December 11, 2019, a member of Defendant's corporate team, Matt Ozelie, came from Florida and notified Plaintiff that he was being discharged from employment.

21. After meeting with Plaintiff, Mr. Ozelie and Plaintiff decided to notify the sales team together that Plaintiff would no longer be their manager.

22. During the meeting one of the members of Plaintiff's team, Paul Zampier, became upset with the news and proceeded to get up and leave.

23. Plaintiff along with Mr. Ozelie proceeded to follow Mr. Zampier out to the parking lot to calm him down.

24. While talking to Mr. Zampier in the parking lot, Mr. Ozelie indicated that they were bringing in, "Young blood," indicating that Plaintiff was old and was being replaced by a younger individual.

25. Plaintiff's position was immediately filled by a much younger individual.

## COUNT I

### AGE DISCRIMINATION
**Age Discrimination in Employment Act – 29 U.S.C. §621** *et seq.*
**NRS 613.330** *et seq.*
**(Against Defendants Eldorado Resorts Corp. and Does 1-50)**

26. PLAINTIFF hereby incorporates paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. At all times relevant hereto, Plaintiff was over the age of 40.

28. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant was in whole or substantial part because of his age and was in violation of the ADEA, 29 U.S.C. §623 and NRS 613.330 et. seq.

29. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's state and federally protected rights.

30. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described above and thereby ratified the unlawful conduct of its agents or supervisors.

31. Plaintiff's age was the sole reason or a motivating factor for his discharge.

32. But for Plaintiff's age, Defendant would not have discharged him.

33. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

34. PLAINTIFF requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

1. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;
2. Compensatory Damages;
3. Reasonable attorneys' fees;
4. Punitive Damages;
5. Costs of suit incurred herein; and
6. Such other and further relief as the court deems just and proper.

DATED this 2nd day of July, 2021.   WATKINS & LETOFSKY, LLP

*/s/ Michael DiRenzo*

By: _____
Daniel R. Watkins, Esq.
Michael A. DiRenzo, Esq.
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Attorneys for Plaintiff, Avrham Indik

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

Dated this 2nd day of July, 2021.    WATKINS & LETOFSKY, LLP

*/s/ Michael DiRenzo*

By: _____
Daniel R. Watkins, Esq.
Michael A. DiRenzo, Esq.
Attorneys for Plaintiff, Avraham Indik

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b)(2)(e), I hereby certify that on the **2nd day of July, 2021,** I served the foregoing **FIRST AMENDED COMPLAINT FOR DAMAGES** to the Clerk's Office using the CM/ECF system for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

*SEE THE COURT'S E-FILING SERVICE LIST*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Farah Kachermeyer
　　　　　　　　　　　　　　　　　　　　　　　　Farah H. Kachermeyer
　　　　　　　　　　　　　　　　　　　　　　　　An Employee of Watkins & Letofsky, LLP

# Exhibit 1

**NOTICE OF RIGHT TO SUE
DATED MARCH 11, 2021**

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Avrham Indik

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2020-00563 | Karrie L. Maeda, State, Local & Tribal Program Manager | (213) 785-3002 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M. Viramontes,
District Director

March 11, 2021
(Date Issued)

Enclosures(s)

cc: Rebecca A. Foster
Director
ELDORADO RESORTS CORPORATION
2626 E. Oakland Park Blvd.
Fort Lauderdale, FL 33306